PUBLIC SERVICE COMMISSION, SECOND DISTRICT, Plaintiff, *v.* ANSEL Y. Fox, Defendant.[*]

(Supreme Court, Albany Special Term, February, 1917.)

Contempt — disobedience of injunction order — city of Elmira.

Where a contempt proceeding, to punish defendant for violating an injunction order which restrained him as an individual from operating a bus line through city streets until he had authority from the city and a certificate from the public service commission, was discontinued upon his representations that he had in good faith complied with the injunction and had abandoned the use of his horse-drawn vehicle in the manner complained of and was no longer engaged in the business of transporting passengers through said streets, a further application to punish him for a violation of said injunction will be denied, with leave to renew, where it appears that the title to his horses and wagon had been transferred to others and that he was simply employed by them on a salary to act as driver.

APPLICATION for an order to show cause why defendant should not be punished for a contempt of court.

[*] See 96 Misc. Rep. 283.—[REPR.

Ledyard P. Hale counsel to Public Service Commission, Second District, for plaintiff.

Herman I. Desky, for defendant.

Rudd, J.   Under an order to show cause the defendant is called upon to show why he should not be punished for a contempt of court for his failure to obey the injunction order granted in this matter and entered in the clerk's office of Albany county on the 13th day of July, 1916, and why he should not be fined and committed to jail for such contempt, and for such other and further relief in addition to costs as the court may determine to be just.

The order above referred to, entered July 13, 1916, was made after a hearing, at which the defendant was represented by counsel, and the court on that hearing found:

*First.* That the defendant is a common carrier.

*Second.* That as such common carrier he operated a bus line, stage route or vehicle upon the streets of Elmira for a rate of fare less than fifteen cents per passenger within said city, and that such vehicle was operated in competition with the Elmira Water, Light and Railroad Company, an electrical street railway corporation which is required to obtain the consent of the local authorities to operate over the streets of the city of Elmira, without having obtained the consent of the local authorities of the city and a certificate of convenience and necessity from the public service commission, second district, as required by law.

Upon these findings the order made by the court decreed that the defendant be enjoined and restrained from operating upon the streets of the city of Elmira either a bus line, stage route or vehicle, carrying passengers for hire, without the consent of the local

authorities of the city of Elmira and a certificate of public convenience and necessity from the public service commission, together with fifty dollars costs and disbursements against the defendant Ansel Y. Fox.

After the entry and service of the order aforesaid upon the defendant it came to the knowledge of the public service commission, second district, that the defendant was disregarding the order and therefore an order to show cause why he should not be punished for contempt for disobedience of the injunction order was obtained.

The defendant filed an affidavit that he had in good faith complied with the injunction and had abandoned the use of the conveyance in the manner complained of, and was no longer employed in the business of transporting persons through the streets of Elmira.

Such representations were made by the defendant's counsel that the plaintiff was induced to consent to the entry of an order discontinuing the proceeding to punish the defendant for a contempt.

In making the order of injunction against the defendant the court held that the defendant in the operation of the horse-drawn vehicle, conveying passengers, even if they were the employees and only the employees of a certain manufacturing plant in Elmira, which employees had formed, under legal advice, a " Mutual Transportation Club " and that only members thereof rode in the vehicle, was not permitted " to ignore the requirement of the statute, which, for well considered and well understood reasons, must and should call upon this defendant to apply for and obtain from the local authorities of. the city of Elmira permission to use its streets."

" The local authorities are given by law the right to

impose restrictions and conditions upon the use of city streets by such a vehicle, which constitutes in reality a bus line.''

And further the court held that the defendant should have a certificate of public convenience and necessity.

From the order made no appeal was taken and it was understood that the defendant recognized the force of the injunction order and had discontinued the running of the vehicle.

Upon the application now made to punish the defendant for contempt an entirely different situation is developed.

From affidavits filed it seems that it is claimed that defendant Fox conveyed by a bill of sale the wagon, team and harness which he had formerly used in the transporting of the employees of the Morrow Manufacturing Company to the '' Co-operative Bus Association consisting of about seventy-five employees of the Morrow Manufacturing Company of Elmira, N. Y.'' and that defendant ''is employed as driver of said bus and team at a salary paid him by said Association;'' that the defendant does not conduct a public bus, does not collect any fares, does not take on passengers other than the members of the association, each of whom has a number and responds to a roll call, and that the defendant does not and cannot allow the public to ride upon the bus either free or for hire or upon the payment of a fare; that the bill of sale conveying the wagon, horses and harness contains the conditions of said sale.

The affidavit of one of the employees of the Morrow Manufacturing Company states that each member of the Co-operative Bus Association is furnished with a button containing a number which corresponds to the number contained on a roll call, which roll is called

prior to each trip to and from the Morrow Manufacturing Company's plant; that the defendant Fox is employed as a driver at a salary; that the bus is only operated for the benefit of the members of the association, does not take on other passengers or collect fares from the public or persons offering themselves as passengers for hire.

Affidavits are presented upon the part of the plaintiff to the effect that the defendant has been frequently seen driving the horses drawing a vehicle through the streets of Elmira since the 22d day of November, 1916, and that the defendant has been seen frequently driving the horses drawing this vehicle more or less filled with passengers on different streets in the city of Elmira.

The defendant states in his affidavit that he has not run the vehicle through the streets carrying passengers since the discontinuance of the former proceedings for contempt until after he had sold and conveyed the property to the members of the association.

We are now asked to punish the defendant for contempt in violating an order which restrained him as an individual from operating a bus line through the streets of Elmira.

The defendant's contention, non-supported by affidavits, is that he is not conducting a bus line, but as a man he is employed driving a team of horses, which do not belong to him, which draw a vehicle, which is not his property, both horses and vehicle, with the harness used, having been conveyed to certain individuals' who are employees of the Morrow Manufacturing Company plant; and that the owners of the team and the wagon are using it, with the defendant as their employee, in going back and forth, morning and evening, to and from their work and homes.

Counsel for the plaintiff says, the same horses, the same wagon and the same driver, and that the driver is doing that which the order heretofore entered restrains him from doing and that therefore he is in contempt.

The injunction order made was not addressed to him because he was driving a team of horses, but it was addressed to him because as owner of the horses and the wagon and the whole outfit he was using the streets of Elmira for the operation of a bus line or such a conveyance which should not be operated until the man operating it had authority from the city of Elmira and a certificate from the public service commission; that is not the situation which confronts us now.

If the affidavits are true, and the bill of sale has been executed and the title to the horses and the wagon has been conveyed to other people, and the defendant is simply driving the team of horses on a salary for them, if this is a bus line, the defendant is not conducting it but the owners of the establishment are conducting it and employing the defendant to do a certain part of the work.

It has been suggested that it is a mere makeshift, that the alleged conveyance is an attempt to evade the law. It may be. Such attempts have been heretofore made.

This court is not prepared to make an order sending the defendant to jail for violating the injunction order, in view of the fact that it may be that he is not the owner of the bus line or of the horses and wagon and outfit which goes to make up the line, and that he is not operating it. It may be that the outfit is the property of certain men who have bought it.

There is a way to find out definitely these facts.

They cannot be ascertained to the satisfaction at least of this court upon these affidavits.

The bill of sale which is referred to in the affidavit of the defendant as being made a part of the affidavit does not accompany it. There seems to be an uncertainty as to even the date of the bill of sale.

A vehicle loaded with passengers going through the streets of Elmira is no less a menace to the people on the highway, and even to those in the vehicle, when it is owned by the individual employees of a manufacturing company than it was when it was owned by the defendant, and if it is, in whatever ownership it may be, operated as it is, within the provisions of the law with reference to certificates of public convenience and necessity and consent of the municipal authorities of the city of Elmira, that can be determined by an inquiry by the public service commission and relief can be had, but it seems very doubtful whether this court would be justified in punishing the defendant for contempt upon the state of facts which have been developed.

The motion is therefore denied, without costs, and with leave to renew the same, if the plaintiff is so advised, upon other papers or after a hearing had by the public service commission.     .

Ordered accordingly.